IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREG LEE DUGAS,

    Plaintiff,

v.                                              Civil Action No. **3:08CV72**

HANOVER COUNTY CIRCUIT COURT, et al.,

    Defendants.

**MEMORANDUM OPINION**

On January 22, 2008, Dugas filed a motion for leave to file an untimely notice of removal, pursuant to 28 U.S.C. § 1446(c)(1), seeking to remove three pending criminal prosecutions in two local Virginia state courts to this Court. Alternatively, Dugas sought to file this action as a general civil rights complaint seeking equitable relief under 28 U.S.C. § 1343. The matter is before the Court pursuant to the Court's independent obligation to determine its own jurisdiction and whether removal is appropriate. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (citing cases).

**I. STANDARD OF REVIEW**

A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Id. However, where a notice of removal is untimely, a court need not remand the case to the state

court where it arose and may deny the petition for removal and dismiss the case with prejudice. Bowen v. North Carolina, No. 98-7662, 1999 WL 757134, at *1 (4th Cir. Sept. 21, 1999).

## II. DUGAS'S NOTICE OF REMOVAL

At the outset, the Court notes that Dugas's notice of removal is largely incoherent. At first glance, it appeared as though Dugas wished to remove three Virginia criminal prosecutions in two local courts to this federal court.[1] (Notice of Removal 20.) However, elsewhere in his Notice of Removal, Dugas states that his charges assimilate from "three separate State courts" and he discusses charges that were purportedly pending in state courts in New Hampshire, Missouri, and Virginia.[2] (Notice of Removal 15-16.) Thus, it is not entirely clear whether Dugas wishes to remove the three criminal prosecutions in Virginia to this United States District Court, or whether he is in fact asking the Court to consolidate his criminal proceedings in New Hampshire and Missouri with his criminal prosecutions in Virginia, and then remove all of his state court prosecutions to this federal court or to the United States District Court for the Southeastern Division of Missouri.

---

[1] Two of the warrants of arrest attached to his Notice of Removal are from the City of Richmond; the other warrant of arrest is from Hanover County.

[2] He also discusses a criminal proceeding in Maryland, but that criminal prosecution has already ended. (Pl's Am. App. For Inj. 7.)

2

(Notice of Removal 16.) In his Amended Application For Injunction To Enjoin State Criminal Prosecutions, Dugas indicates that he wants the Court to stay his three state criminal prosecutions in Virginia, "assume personal jurisdiction over [Dugas] so as to be able to transfer him to [Missouri]," then consolidate his state court criminal prosecutions in New Hampshire, Virginia, and Missouri, and transfer Dugas and "the subject matter of this action to the United States District Court for the Eastern District of Missouri, Southeastern Division . . . for [all] further proceedings in [that] jurisdiction." (Pl.'s Am. App. For Inj. 14.)

According to Dugas, he was charged with various criminal offenses in state courts throughout the country concerning a car theft scheme and wishes to raise the defense of entrapment, "duress and outrageous government conduct." (Notice of Removal 12; see also Pl.'s Am. App. For Inj. 6.) Dugas contends that federal jurisdiction is appropriate:

> Because [his] defense equates to a reverse prosecution of a murder conspiracy, and because such conspirators are alleged corrupt government officials and police, such factors superimpose a controlling federal nature and becomes the primary subject-matter of the case. . . . [It involves] an action reaching from Virginia to Missouri to Maryland and New Hampshire, which clearly calls for the tenacles of federal jurisdiction . . . .
> . . . .
> . . . [B]ecause the same scheme of offense conduct can be made to fall squarely in the premise of one trial, removal and consolidation is warranted on those grounds.

(Notice of Removal 15-16 (emphasis added)). Dugas argues that

3

removal is appropriate under 28 U.S.C. § 1441(c), (e)(6) and 28 U.S.C. § 1443. Dugas's stated grounds for removal of the three state court actions are alleged violations of his constitutional rights under the Fair Trial Clause of the Sixth Amendment[3] and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[4] (Notice of Removal 2.) Dugas further alleges that there was a conspiracy to deprive him of rights or privileges in violation of 42 U.S.C. § 1985(3), and that he has a civil action for deprivation of rights under 42 U.S.C. § 1983. (Notice of Removal 2.) Lastly, Dugas suggests that these statutes provide this Court with original jurisdiction under 28 U.S.C. § 1343. (Notice of Removal 15.)

### III. DISCUSSION

#### A. Substantive Requirements For Removal Under 28 U.S.C. § 1441(c) and (e)(6) and 28 U.S.C. § 1443.

Removal of a criminal action is proper if a defendant meets the substantive requirement of 28 U.S.C. § 1443 and the procedural

---

[3] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

4

requirements of 28 U.S.C. § 1446. Thus, the Court must determine whether the removal of his state criminal court cases complies with the pertinent federal removal statutes, thereby providing this Court with jurisdiction to hear these matters. See 28 U.S.C. § 1446(c)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal."). Dugas's notice of removal specifies that it is brought pursuant to 28 U.S.C. § 1441(c) and (e)(6), and 28 U.S.C. § 1443. However, sections 1441(c) and 1441(e)(6) only apply to removal of <u>civil</u> actions, not to criminal prosecutions.

Furthermore, although 28 U.S.C. § 1443[5] provides for criminal cases to be removed to federal court,[6] a "[p]rerequisite to a removal of a pending criminal prosecution under 28 U.S.C. § 1443(1)

---

[5] Section 1443 provides in pertinent part that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443.

[6] With the exception of § 1443, there are no other removal statutes that Dugas could attempt to invoke as this is the only removal statute that can be construed to allow removal of criminal prosecutions in State court. However, this statute is more often used to remove civil cases to federal court and it is the unusual criminal case that is removed to federal court.

is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" South Carolina v. Moore, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (internal footnote omitted). Dugas does not make such a showing, and simply argues that because his defense in all three state prosecutions is that corrupt government officials were trying to murder him, "[i]t would be wholly impractical - not to mention constitutionally repugnant to the Sixth Amendment fair trial clause, to require Dugas to put on three virtually identical trial proceedings using the same witnesses and theories in each trial." (Notice of Removal 16-17.)

A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for § 1443 removal. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Thus, Dugas's "'broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" New Mexico v. Gutierrez, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006) (quoting New Mexico v. Tartaglia, 365 F. Supp. 171, 173 (D.N.M. 1973)); see also People v. Lopez, 919 F.2d 131, 132 (10th Cir. 1990). Because Dugas does not allege that he has been denied or cannot enforce the right

to racial equality in the state courts, removal of his criminal actions would not be appropriate under 28 U.S.C. § 1443. See Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966); Moore, 447 F.2d at 1070.

B. **Procedural Requirements For Removal Under 28 U.S.C. § 1446**

Even if Dugas met the substantive requirements for removal, his allegations do not meet the procedural requirements for removal under 28 U.S.C. § 1446(c)(1).[7] Dugas acknowledges that, by the time he filed his notice of removal, more than thirty days had passed since his arraignment. (Mot. For Leave to File Untimely Notice of Removal 1-2.) The Court finds that Dugas has failed to demonstrate good cause for failure to timely file his notice of removal[8] and, therefore, Dugas's notice of removal is untimely.

---

[7] Section 1446(c)(1) provides that notice of removal of a criminal case must "be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the . . . court may enter an order granting the defendant . . . leave to file the notice at a later time."

[8] Dugas suggests the 30-day clock did not commence until he discovered sufficient facts to disclose federal jurisdiction and that he immediately filed his notice of removal as soon as he discovered "the grounds and evidence which tend to make the case removable." (Mot. To File Untimely Notice of Removal at 3.) This claim does not establish good cause because, although the 30-day clock does not commence until the grounds justifying removal become ascertainable in a civil case, see 28 U.S.C. § 1446(b), this 30-day discovery rule does not apply in a criminal case. See 28 U.S.C. § 1446(c). Furthermore, as just discussed, because Dugas has not set forth any cognizable grounds which would make his case removable, he cannot seriously contend that he filed his notice of removal as soon as he discovered the facts that make his criminal proceedings removable.

See 28 U.S.C. § 1446(c)(1). Dugas's motion for leave to file an untimely notice of removal (Docket No. 1) will be DENIED, and his notice of removal (Docket No. 2) will be DENIED as untimely. Bowen v. North Carolina, No. 98-7662, 1999 WL 757134, at *1 (4th Cir. Sept. 21, 1999).

### C. Civil Action Statutes

Under 42 U.S.C. § 1985(3), persons are prohibited from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." It does not provide substantive rights. Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). A party asserting rights under Section 1985(3) must allege a right covered by the Constitution or other laws. Spencer v. Casavilla, 903 F.2d 171, 174 (2d Cir. 1990). Similarly, a Section 1983 claim requires a person to allege a deprivation of rights secured by the Constitution and laws by a person acting under color of state law.

In the present case, Dugas has no right granted by the Constitution or any other law to consolidate and remove three separate criminal prosecutions that purportedly are pending in three separate states to this District Court. The Court has no authority to consolidate the criminal prosecutions that are allegedly pending in New Hampshire and Missouri with the criminal prosecutions pending in Virginia, and then remove these state criminal prosecutions to this federal court or to a federal court

in Missouri.[9]  Furthermore, Dugas makes no showing that any court has applied its laws in a discriminatory manner.  Dugas's allegations under Sections 1985(3) and 1983 do not warrant removal under Section 1443 because Dugas has not asserted a right enforceable under those statutes.

Dugas's suggestion that the Court should provide some other form of injunctive relief under the above civil rights statutes is also foreclosed by the Younger abstention doctrine.[10]  The Younger abstention doctrine and its concomitant policy of comity requires federal courts "to refrain from adjudicating the merits of federal constitutional claims in an underlying state criminal action," as "adjudicating such claims needlessly injects federal courts into ongoing state criminal prosecutions, undermines the state's ability to enforce its laws, and does not show 'a proper respect for state functions.'"  Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (quoting Younger, 401 U.S. at 44.)  Even where a federal court has jurisdiction to reach the merits of a plaintiff's claim, the United States Court of Appeals for the Fourth Circuit has

---

[9] Dugas's request for consolidation defies the concept of concurrent jurisdiction, which is predicated on the notion that an individual who violates laws in several states can be charged and tried in each state where his criminal actions occurred.

[10] In Younger v. Harris, 401 U.S. 37, 44 (1971), the United States Supreme Court held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation when an injunction is necessary to prevent great and immediate irreparable injury.

admonished that federal courts should abstain from interfering in the state proceeding "if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Id. (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994)).

All three of the circumstances identified in the Nivens inquiry are present here. First, Dugas instituted this lawsuit in an effort to stop, and eventually dismiss, the pending state criminal proceedings against him. Id. at 154. Second, the states involved have a very important, substantial, and vital interest in preventing violations of their criminal laws. Id. (citations omitted). Third, Dugas has an adequate opportunity in his state prosecutions to raise his claim of "Outrageous Government Conduct-Entrapment," which is advanced in the federal lawsuit as a due process claim (Pl.'s Am. App. For Inj. 4), and has provided no coherent explanation as to why he could not raise this constitutional claim in state court. Nor has he demonstrated any extraordinary circumstances exist that would warrant the Court exercising its discretion to disregard the Younger abstention

doctrine. <u>Nivens</u>, 319 F.3d at 154 (citing Supreme Court cases discussing exceptional circumstances). For these reasons, Dugas's request for an injunction seeking to enjoin state criminal prosecutions (Docket No. 11) will be DENIED.

Lastly, Dugas claims that this court has original jurisdiction under 28 U.S.C. § 1343. (Mot. To File Untimely Notice of Removal 1; Notice of Removal 15.) Section 1343 provides federal jurisdiction for a civil action "authorized by law to be commenced by any person" alleging a violation of Section 1985 or a deprivation of any right granted by the Constitution or federal law that protects civil rights. Again, because Dugas fails to allege that state courts have acted in a racially discriminatory manner, or that he was denied a right secured by the Constitution or any federal law, the federal courts do not have original jurisdiction over this case. See <u>Krebs v. Meyers</u>, 222 F. App'x 107, 109 (3d Cir. 2007); <u>Eure v. NVF Co.</u>, 481 F. Supp. 639, 644 (E.D.N.C. 1979).

## IV. CONCLUSION

For the reasons stated, the action will be DISMISSED WITH PREJUDICE. An appropriate Order will issue.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Dugas.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: September 4, 2008
Richmond, Virginia

11